IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LATEFAH SHAMPINE,** | CASE NO. 1:22 CV 1753 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | |
| **JEFFREY KEITH BELL,** *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

*Pro se* Plaintiff Latefah Shampine filed this action against her late sister's step/adopted son Jeffrey Keith Bell, Bell's significant other Penny Cousper Daniel, Cuyahoga County Probate Court Magistrate Richard Gideon, Attorney Charles Fonda, Attorney Michael Drain, Cuyahoga County Probate Court Judge Laura J. Gallagher, Ohio Eighth District Court of Appeals Judge Sean C. Gallagher, Ohio Eighth District Court of Appeals Judge Eileen Gallagher and Ohio Eighth District Court of Appeals Judge Mary Boyle. Plaintiff alleges that she and her living sister should have been the beneficiaries of her late sister's estate, rather than Bell who was not a biological relative. She asserts violation of ten Ohio criminal statutes, four Ohio probate succession statutes, and two miscellaneous Ohio statutes. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (R. 2). That Application is granted, but this case is dismissed for the reasons set forth herein.

**I.  Background**

According to Plaintiff's Complaint, Plaintiff's sister, Claire Lee ("Lee") died on January 6, 2018. She owned a house in East Cleveland that was valued "as is" at $20,000.00, a bank account

with a balance of $4,000.00, and a retirement account valued at $10,000.00. She did not name beneficiaries for her accounts. She lived by herself and appeared to have left no Last Will and Testament.

Lee had no immediate family residing with her at the time of her death. She was divorced, and her one biological son, Anthony Graham, predeceased her. She had one step/adopted son, Jeffrey Keith Bell, whom she raised alone after his father left home and divorced Lee. It is not clear whether Lee legally adopted Bell or whether she merely considered him to be her son. At the age of fifteen, Bell moved to California to live with his biological mother. It appears he continued to have contact with Lee because he attended Graham's funeral. Bell also is listed on Lee's death certificate as the informant of her death, and he made the funeral arrangements for her. Lee also had two sisters, Plaintiff and Edna Maddox, who were estranged from her. Plaintiff had filed at least four lawsuits against Lee, as Lee was the Executor of their parents' estate. Plaintiff claimed Lee stole her inheritance from their mother's estate in 1999. The lawsuits were either dismissed or ended with judgments in favor of Lee. This prompted Lee to petition the Cuyahoga County Common Pleas Court to declare Plaintiff to be a vexatious litigator. Neither Plaintiff nor Maddox attended Graham's funeral. Plaintiff does not indicate whether she or Maddox attended Lee's funeral.

After the funeral, a dispute arose between Plaintiff and Bell regarding who should be the beneficiary of Lee's Estate. Lee died intestate. Plaintiff claims Bell collected Lee's personal belongings from the hospital, which included her purse and keys. She alleges that Bell and Daniel went to Lee's house and collected valuables. On March 26, 2018, Plaintiff filed an Application for Authority to Administer Lee's Estate with the Cuyahoga County Probate Court. The Application included Lee's death certificate and an allegation that Bell was Lee's son. Bell entered an

appearance in the Estate on May 17, 2018, and also filed an Application to Administer Lee's Estate with the same court on June 20, 2018. On June 20, 2018, the Probate Court marked Plaintiff's Application as "withdrawn" although Plaintiff contends she did not withdraw it. The Court then accepted Bell's Application. On June 25, 2018, the Court relieved the estate from administration and ordered the distribution of the assets to Lee's next of kin, who the Court determined to be Bell. Plaintiff did not timely contest Bell's status as Lee's sole heir under Ohio Revised Code § 2123.

Following the order relieving the estate of administration and the distribution and transfer of assets, Plaintiff filed a series of Motions with the Probate Court seeking to remove Bell as the Estate Administrator. Those Motions were denied. On August 3, 2018, Plaintiff filed a Motion to Vacate the Order that withdrew her Application to Administer the Estate, arguing that Bell was not Lee's natural or adopted son, and therefore, she and Maddox should have inherited Bell's property under the laws of intestate succession. The Probate Court denied that Motion in September 2018. In October 2018, although the Estate had already been relieved of administration, Plaintiff filed a second Application to Administer the Estate, deleting any reference to Bell or Graham (Plaintiff does not indicate whether Graham had any children). This Motion also was marked "withdrawn" after the Probate Court conducted a hearing on the issue with Plaintiff and her legal counsel. She timely appealed that decision. The Ohio Eighth District Court of Appeals determined that it only had jurisdiction to consider the withdrawal of the October 2018 Application and not the Petition that was withdrawn in June 2018. Her appeal of the withdrawal of the June 2018 Application would be untimely and the withdrawal of the October 2018 Application was proper. *In re Lee*, No. 108391, 2020 WL 1951696, (Ohio 8 Dist. App. Ct. April 23, 2020).

Plaintiff, in this civil action, again claims that she and Maddox are Lee's proper next of kin. She asserts claims under Ohio Revised Code §§ 2921.11 (perjury), 2921.13 (fraud), 2013.31

(forgery), 2913.02 (aggravated theft), 2911.21.1 (aggravated trespassing), 2907.29 (false information to enter), 4112.5 (racial discrimination), 2921.13 (falsification), 2913.49 (identity theft), 1336.04 (fraudulent transfer), 2105.06 (inheritance next of kin), 2105.062 (determination of next of kin), 2107.11 (probate jurisdiction), 2921.45 (interference with civil rights), and 2911.13(breaking and entering). She seeks monetary damages.

## II. Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading

standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

In this case, Plaintiff has not established this Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that she is a citizen of one state and all the Defendants are citizens of other states. The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Plaintiff's Complaint cites only to Ohio statutes as the basis for her claims. She does not assert a federal cause of action, and none is apparent on the face of the Complaint. Probate matters and intestate succession are wholly questions of state law. Subject matter jurisdiction cannot be established on the presence of a federal question.

Furthermore, diversity of citizenship does not exist in this case. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). Plaintiff lists her address as Ohio. Five of the Defendants are Ohio Judges and two of the Defendants are Ohio attorneys. As Plaintiff and some of the Defendants are citizens of Ohio, diversity of citizenship is not complete. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

### III.   Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (R. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date:  June 5, 2023