IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LATEFAH SHAMPINE,** | ) | CASE NO. 1:22 CV 1753 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **JEFFREY KEITH BELL,** *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on remand from the Sixth Circuit Court of Appeals instructing this Court to construe *pro se* Plaintiff Latefah Shampine's Notice of Appeal (R. 6) as a Motion to Reopen the Time to File an Appeal pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(6). (R. 8). FRAP 4(a)(6) allows a district court to reopen the time to file an appeal only if three conditions are satisfied. As explained below, because the first of the three conditions is not satisfied, the Court will deny Plaintiff's motion to reopen the time to file an appeal.

**I. Background**

Judgment was entered in this matter on June 5, 2023. (R. 5). Generally, a party must file a notice of appeal within 30 days after entry of the judgment or order appealed from. FRAP 4(a)(1)(A). Thus, Plaintiff's Notice of Appeal was due July 5, 2023. Plaintiff did not file a notice of Appeal until July 13, 2023. (R. 6). Her appeal would ordinarily be barred as untimely. However, in her untimely Notice of Appeal, Plaintiff asserted that she "did not receive any notice from the Court [and] she found out by browsing the internet on July 10, 2023." (R. 6, PageID# 69). The Court of Appeals' remand order states that Plaintiff's "notice of appeal was

1

filed within 14 days of the alleged notice of the district court's judgment, and, because it can be construed as motion to reopen the time to file an appeal, it 'will be treated as such.'" (R. 8, PageID# 73, *citing Young v. Kenny*, 949 F.3d 995, 997 (6th Cir. 2020) (per curiam)).[1]

The timeline of relevant events in this case are as follows. On June 5, 2023, the Court dismissed this action pursuant to 28 U.S.C. §1915(e), further certifying pursuant to 28 U.S.C. §1915(a)(3) that an appeal could not be taken in good faith. (R. 4 & 5). That same day, June 5, 2023, a copy of the Court's Memorandum Opinion and Order and its Judgment Entry were mailed to Latefah Shampine at the address on the docket, which is the same address on Terrace Road, East Cleveland, Ohio that Plaintiff included on her subsequently filed Notice of Appeal. (R. 6, PageID# 70). As stated above, Plaintiff filed her untimely Notice of Appeal on July 13, 2023. (R. 6).[2]

**II. Analysis**

Construing Plaintiff's Notice of Appeal as a Motion to Reopen the Time to File an Appeal pursuant to FRAP 4(a)(6), as instructed by the Court of Appeals, such a motion must satisfy the requirements of the rule. The rule provides:

---

[1] The Remand Order noted that Plaintiff never moved to reopen the time to file an appeal under FRAP 4(a)(5) or 4(a)(6), and ordered Plaintiff/Appellant to show cause why her appeal should not be dismissed as untimely. (R. 8, PageID# 72-73). Plaintiff/Appellant's response failed to explain the circumstances of her receipt (or non-receipt) of judgment "or elaborate in any way on the delay. Instead her response argue[d] the merits of her case." *Id*.

[2] Plaintiff filed a motion for court appointed counsel on September 18, 2023. (R. 9). "The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). "Appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a *pro se* litigant's claims are frivolous." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted). Having already determined that the Complaint lacks any basis for federal jurisdiction and that an appeal could not be taken in good faith, (R. 4), the Court finds that appointment of counsel would not be appropriate in this case. The motion (R. 9) is DENIED.

2

> (6) Reopening the Time to File an Appeal. The district court **may** reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but **only if all the following conditions are satisfied**:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>>
>> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; **and**
>>
>> (C) the court finds that no party would be prejudiced.

FRAP 4(a)(6) (emphasis added). All three of the above criteria must be satisfied.

      To satisfy subsection (A), a district court must find that the moving party did not receive notice of the judgment within 21 days after entry. As noted by a recent district court decision, "[t]he Sixth Circuit has found that 'nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons.'" *Washington v. Warden, N. Cent. Corr. Inst.*, No. 1:18-CV-709, 2021 WL 2819837, at *1 (S.D. Ohio July 7, 2021) (quoting *Bowles v. Russell*, 432 F.3d 668, 673 (6th Cir. 2005)), *report and recommendation adopted*, 2022 WL 3716026 (S.D. Ohio Aug. 29, 2022); *see also Matter of Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994) (FRAP 4(a)(6) "does not grant a district judge carte blanche to allow untimely appeals to be filed. He must make findings that the conditions prescribed by the rule have been satisfied."). Another district court found that under FRAP 4(a)(6), "[t]he Court must rely on some evidence to make such a finding" that subsection (A) is satisfied. *Novel v. New York*, No. 2:13-CV-0698, 2015 WL 6542413, at *1 (S.D. Ohio Oct. 29, 2015).

      Unless Plaintiff presents supporting evidence to demonstrate otherwise, the Court presumes that Plaintiff received notice of the Judgment dated June 5, 2023, within 21 days, as it was mailed the same day. *See Shampine v. Bell*, No. 1:22-cv-01753 (N.D. Ohio, June 5, 2023).

Under Fed. R. Civ. P. 77(d)(1), "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket." Here, the mailing of the Judgment is recorded on the docket. According to Fed. R. Civ. P. 5(b)(2)(C), where a party is unrepresented, service is made by "mailing it to the person's last known address--in which event service is complete upon mailing." Plaintiff's address on the docket is the same address to which the Judgment was mailed and the same address that Plaintiff included on her subsequently filed Notice of Appeal. (R. 6, PageID# 70). The district court in *Novel* noted that "[w]hile Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." 2015 WL 6542413, at *2 (citations omitted). In *Evans v. United States*, 165 F.3d 27, 1998 WL 598712 (6th Cir. 1998), the Sixth Circuit affirmed the denial of a FRAP 4(a)(6) motion where "at no time" did the movant "provide[] any affidavits or other evidence to support his contention that he did not receive notice…." The *Evans* decision stated that the movant bears the burden of proving non-receipt and that, except for his denial, "Defendant did nothing to meet that burden here," concluding that the district court did not abuse its discretion. *Id.*; s*ee also Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007) (finding that while the district court could have found section (A) was satisfied due to an affidavit of non-receipt, a "district court retains discretion to deny a Rule 4(a)(6) motion *even where a movant has complied with all three express conditions*") (emphasis added).

Plaintiff's Notice of Appeal asserts that she "did not receive any notice from the Court [and] she found out by browsing the internet on July 10, 2023." (R. 6, PageID# 69). Despite the Court of Appeals' show cause order, Plaintiff has provided no further information on her alleged non-receipt. She has not provided an affidavit, declaration under the penalty of perjury, or any

4

further explanation. Conversely, over ninety (90) days has elapsed since the Court's mailing of the Judgment and said mail has not been returned as undeliverable. The Judgment was mailed to the address that Plaintiff continues to cite as her current address during her appeal. Therefore, the Court concludes that Plaintiff has not shown that she did not receive notice of the Judgment.

Because Plaintiff fails to show that she did not receive notice of either the June 5, 2023 Memorandum Opinion and Order or Judgment Entry within 21 days after their entry, the first requirement set forth in FRAP 4(a)(6) is not satisfied. As *all* of the conditions of FRAP 4(a)(6) must be satisfied before a district court may exercise its discretion to reopen the time to file an appeal, any discussion of the remaining requirements is rendered moot. Plaintiff's motion to reopen the time to file an appeal is denied.

### III. Conclusion

Construing the Notice of Appeal (R. 6) as a motion to reopen the time to file an appeal as instructed by the Court of Appeals, the Court DENIES said motion. Plaintiff's motion for appointment of counsel (R. 9) is also DENIED, as referenced above in footnote 2. Having concluded the limited remand, the Clerk of Court is instructed to return this matter to the Court of Appeals.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: September 21, 2023